UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARCUS REINA

             Plaintiff,

-against-

THE CITY OF NEW YORK, TODD CRACCO (SHIELD NO. 8206), RAYMOND GORDON (SHIELD NO. 4592), FRITZ GLEMAUD (SHIELD NO. 3224), MICHAEL PETITTO (SHIELD NO. 2233), GEORGE ULLOA (SHIELD NO. 4338), TIMOTHY ERWIG (SHIELD NO. 2533).

             Defendants.
------------------------------------------------------------------------ x

**ECF CASE**

**FIRST AMENDED COMPLAINT**

09 CV 5031 (ILG)(RML)

Jury Trial Demanded

## PRELIMINARY STATEMENT

  1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under Fourth, Sixth, and Fourteenth amendments to the United States Constitution and Article I, Section 12 of the New York State Constitution and of common law of the State of New York. The case arises from a September 1, 2007 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, an illegal strip search and fabricated evidence.

## JURISDICTION & VENUE

  2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the incident occurred in Eastern District.

**PARTIES**

4. Plaintiff is a resident of the State of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officers Todd Cracco Raymond Gordon, Fritz Glemaud, Michael Pettito, George Ulloa And Timothy Erwig (collectively the "officers") are members of the NYPD who were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest. The Officers are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of their fellow officers and subordinates.

**STATEMENT OF FACTS**

7. On September 1, 2007, at approximately 12:15 p.m. in the vicinity of 187 Quincy Street, in Brooklyn, New York, approximately five other Officers arrested plaintiff without cause and charged him with sale and possession of marijuana.

8. Subsequent to the seizure, Officer Cracco subjected plaintiff to excessive force by shoving plaintiff with excessive force against concrete steps, causing plaintiff to strike his head and handcuffing plaintiff unreasonably tight causing marks on plaintiff's wrists

9. Next, Cracco illegally strip searched plaintiff on a public street. Pedestrians in the area, observed plaintiff's private parts. The Officers present, observed Cracco, but took no action.

10. Plaintiff was subsequently placed into a police van.

11. While in the police van, Cracco asked plaintiff three times to tell him who was selling drugs. Each time plaintiff responded that he did not know, Cracco struck plaintiff in the face.

12. After being placed under arrest, plaintiff was placed in a police van and driven around for approximately five hours. Plaintiff was then taken to the 79th Precinct. Plaintiff was later taken to Central Booking for further arrest processing and to await arraignment.

13. During this period, an Officer or Officers met with an Assistant District Attorney and misrepresented that plaintiff had sold and possessed drugs.

14. In the late morning of September 2, 2007, plaintiff was arraigned in Criminal Court, Kings County and released.

15. After numerous appearances, plaintiff received an adjournment in contemplation of dismissal.

16. As a result of defendants' actions, plaintiff experienced pain and physical injuries to his wrists, face, and body, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, loss of income, and damage to reputation.

**FEDERAL CLAIMS AGAINST OFFICER
TODD CRACCO, RAYMOND GORDON,**

**FRITZ GLEMAUD, MICHAEL PETTITO,
GEORGE ULLOA AND TIMOTHY ERWIG**

17. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-16 as if fully set forth herein.

18. The conduct of the Officers as described herein, amounted to false arrest, excessive force, an illegal strip search and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**PLAINTIFF'S STATE LAW CLAIM AGAINST
TODD CRACCO, RAYMOND GORDON,
FRITZ GLEMAUD, MICHAEL PETTITO,
GEORGE ULLOA AND TIMOTHY ERWIG**

19. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-18 as if fully set forth herein.

20. The conduct of Todd Cracco, Raymond Gordon, Fritz Glemaud, Michael Pettito, George Ulloa And Timothy Erwig, as described herein, amounted to false arrest, excessive force, an illegal strip search, malicious prosecution, assault, battery, negligence and fabricated evidence in violation of the laws of the State of New York.

**FEDERAL CLAIM AGAINST THE CITY OF
NEW YORK**

21. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-20 as if fully set forth herein.

22. The City of New York directly caused the constitutional violations suffered by plaintiff.

4

23. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police and correction officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

24. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.


DATED:  March 23, 2010
        Brooklyn, New York

Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427

By:

_____
ROBERT MARINELLI (RM-4242)